MICHAEL E. BREWER, Bar No. 177912
JILL A. FUKUNAGA, Bar No. 202238
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
E-mail: mbrewer@littler.com
jfukunaga@littler.com

Attorneys for Defendants
OFFICE DEPOT, INC. and MARK BLOOM
(erroneously sued as "MARK BLUME")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALFRED TATUM, | Case No. C 11-00486 EDL |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MARK BLOOM'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |
| v. | |
| OFFICE DEPOT, INC.; MARK BLUME and DOES 1 through XXX, inclusive, | **[FRCP 12(b)(6)]** |
| Defendants. | Date: March 15, 2011<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |
| | Complaint filed: November 16, 2010 |

## I. INTRODUCTION AND SUMMARY OF CLAIMS

Plaintiff Alfred Tatum ("Plaintiff") was employed by Defendant Office Depot, Inc. ("Office Depot") as a warehouse equipment operator and was supervised by Defendant Mark Bloom ("Bloom") (erroneously sued herein as "Mark Blume"). Plaintiff filed a complaint in the Alameda County Superior Court against both Office Depot and Bloom alleging the following four causes of action: (1) race, age and disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA") (as to Office Depot only); (2) intentional interference with contract (as to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1  Bloom only); (3) negligent interference with contract (as to Bloom only); and (4) discharge in
2  violation of public policy (as to Office Depot only).

3  Office Depot filed a Notice of Removal on February 1, 2011 based on diversity of
4  citizenship between Plaintiff, a citizen of California, and Office Depot, a citizen of Florida and
5  Delaware.  Bloom's citizenship is irrelevant for removal purposes because, as demonstrated below,
6  he was fraudulently joined for the sole purpose of avoiding removal, and he is therefore a "sham
7  defendant."  Accordingly, Bloom files this motion seeking dismissal of the Second and Third Causes
8  of Action, as both fail to state a cognizable claim under California law.

9  First, Plaintiff's claim for intentional interference with contract is frivolous because a
10 party cannot interfere with its own contract.  Plaintiff alleges that Bloom "interfered" with Plaintiff's
11 alleged employment contract with Office Depot by terminating his employment.  However, Bloom,
12 who was himself (and still is) an Office Depot employee, was acting as an agent for Office Depot
13 when he terminated Plaintiff's employment.  He therefore cannot be held liable for interfering with
14 the alleged contract between Office Depot and Plaintiff because Bloom "stands in the shoes" of
15 Office Depot.  *See Shoemaker v. Myers*, 52 Cal. 3d 1, 24-25 (1990).

16 Second, Plaintiff's claim for negligent interference with contract is patently frivolous
17 because courts have consistently held that such a cause of action does not exist under California law.
18 *See Davis v. Nadrich*, 174 Cal. App. 4th 1, 9 (2009) ("In California there is no cause of action for
19 negligent interference with contractual relations.") (citing *Fifield Manor v. Finston*, 54 Cal.2d 632
20 (1960)).

21 Finally, notwithstanding the above, Bloom's actions are shielded from liability by the
22 manager's privilege, as they were performed in the discharge of his supervisory duties.

23 Because the defects in Plaintiff's claims against Bloom cannot be cured by
24 amendment, Bloom requests that the Court dismiss all causes of action against him with prejudice.

25 **II.   SUMMARY OF ALLEGATIONS**

26 Plaintiff was hired by Office Depot in 1994 as an hourly warehouse employee.
27 Complaint, ¶ 4.  He alleges that, in November 2008, he learned that Bloom, his supervisor, "intended
28 to 'get' [him] because a previous supervisor had treated him fairly and had given him a raise."

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO. C 11-00486 EDL                    2.                    DEFENDANT MARK BLOOM'S MEM. OF POINTS &
                                                                 AUTH. IN SUPPORT OF  MOTION TO DISMISS [Fed.
                                                                 R. Civ. P. 12(b)(6)]

Complaint, ¶ 6. According to Plaintiff, a previous supervisor had authorized him to take breaks "that exceeded the standard fifteen minutes for business reasons." Complaint, ¶ 7. Plaintiff also contends that he had a medical condition that required him to take longer and more frequent bathroom breaks, and that in November 20, 2010 [sic] Bloom suspended him for taking excessive breaks. Complaint, ¶¶ 8-9. Plaintiff then alleges that he "immediately delivered to Office Depot a letter from his physician regarding his medical condition that required him to take breaks to use the bathroom." Complaint, ¶ 10. Plaintiff further alleges that on December 3, 2008, Office Depot terminated Plaintiff for taking extended breaks and lunches. Complaint, ¶ 11.

Plaintiff contends that Bloom was aware of Plaintiff's "contract of employment with office Depot and he intentionally and willfully interfered with that contract and cause the termination of plaintiff's employment because he wanted to 'get' the plaintiff." Complaint, ¶¶ 22, 27. Plaintiff further alleges:

> At all times mentioned herein, *each and every defendant was the agent and employee of each and every other defendant and in doing the things herein alleged was acting within the course and scope of such agency and employment*, and in doing the acts herein alleged was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant as herein alleged were ratified and approved by the officers or managing agents of each and every other defendant.

Complaint, ¶ 2 (emphasis added). In other words, all acts attributed to Bloom in the Complaint were performed by Bloom as the agent for Office Depot and within the course and scope of his agency and employment.

### III. ARGUMENT

#### A. Standard For Granting a Motion To Dismiss.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Lemperle v. Wash. Mut. Bank*, 2011 U.S. Dist. LEXIS 5289, at 3 (S.D. Cal., Jan. 20, 2011) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. C 11-00486 EDL    3.    DEFENDANT MARK BLOOM'S MEM. OF POINTS & AUTH. IN SUPPORT OF MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)]

relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). *Twombly* made clear that it is not proper to assume that a plaintiff can prove facts not alleged in the complaint or that the defendants have violated laws in ways not alleged. *See id.* at 563 n.8. Plaintiff thus must plead a "statement of circumstances, occurrences, and events in support of the claim presented." *Id.* at 556 n.3 (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202 (3d ed. 2004)).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

The purpose of testing a pleading under Rule 12(b)(6) is to ensure that the plaintiff suffered an injury for which liability is plausible. The plaintiff must allege some plausibility that he was actually injured before forcing the parties and the court to embark on long and expensive litigation. *Twombly*, 550 U.S. at 559 (explaining that it is only by requiring sufficient detail in the pleadings "that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence."); *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *4 (N.D. Cal. Jul. 24, 2007) (explaining that allowing discovery prior to determining the sufficiency of allegations in cases involving potentially burdensome discovery would "defeat one of the rationales of *Twombly*"). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558.

This standard applies to lawsuits that have been removed from state to federal court. Fed. R. Civ. P. 81(c)(1).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. C 11-00486 EDL        4.        DEFENDANT MARK BLOOM'S MEM. OF POINTS & AUTH. IN SUPPORT OF MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)]

B.  **Plaintiff's Intentional Interference With Contract Claim Fails Because, By Plaintiff's Own Admission, Bloom Was Acting as an Agent For Office Depot.**

The elements to a cause of action for intentional interference with contract are: (1) a valid contract between plaintiff *and a third party* (*i.e.*, not the defendant); (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *See Halvorsen v. Aramark Unif. Servs.*, 65 Cal. App. 4th 1383, 1391 (1998). Plaintiff's claims for intentional interference fails because the only alleged contract at issue was between himself and Office Depot. See Complaint, ¶¶ 22, 27. Plaintiff further pleads that Bloom was the "agent and employee" of Office Depot, and all conduct attributed to Bloom in the complaint was performed "within the course and scope of such agency and employment." Complaint, ¶ 2. Thus, because Bloom was acting as Office Depot's agent when he allegedly "interfered" with the contract by terminating Plaintiff's employment, Plaintiff cannot demonstrate that he had a contract with a *third party* – an essential element of his claim for intentional interference with contract. In effect, Plaintiff is suing Office Depot (through its agent Bloom) for interfering with its own contract. This claim is invalid as a matter of law and must be dismissed.

The California Supreme Court addressed this issue in *Shoemaker v. Myers*, holding that supervisors cannot be held liable for inducing a breach of employment contract between an employer and an employee because a supervisor is simply an agent of the employer and, thus, for all practical purposes, a party to the contract. *See Shoemaker*, 52 Cal. 3d at 24-25. In that case, the plaintiff sued his former employer, his supervisors, and other agents of the employer for, *inter alia*, interference with prospective economic advantage and inducement of breach of contract. *Id.* at 10. The defendants demurred, and the trial court sustained the demurrer on this cause of action without leave to amend. On appeal, the Supreme Court first noted that plaintiff, as with the Plaintiff in the instant case, identified no "prospective economic advantage" other than the continuation of his employment relationship. *Id.* at 24. The Court thus considered this cause of action to be identical to the plaintiff's inducement of breach of contract claim.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO. C 11-00486 EDL        5.        DEFENDANT MARK BLOOM'S MEM. OF POINTS & AUTH. IN SUPPORT OF  MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)]

The Court further held: "It is axiomatic . . . that there can be no action for inducement of breach of contract against the other party to the contract." *Id.* Further, "corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." *Id.* *Shoemaker* is therefore squarely on point with regard to the present case, where the only "contract" that Bloom – a corporate agent – allegedly interfered with was the purported contract of employment between Plaintiff and Office Depot. The Supreme Court concluded:

> Here, the parties against whom plaintiff seeks recovery on this cause of action are plaintiff's supervisors: agents of the employer who are vested with the power to act for the employer (rightly or wrongly) in terminating plaintiff's employment. For purposes of this cause of action, then these defendants *stand in the place of the employer*, because the employer—the other party to the supposed contract—cannot act except through such agents.

*Shoemaker*, 52 Cal.3d at 25 (emphasis added).

Similarly, in the instant case, Plaintiff does not have a viable cause of action against Bloom for interference with contract because Bloom was, like the individual defendants in *Shoemaker*, standing in the shoes of Office Depot and in that regard was a party to the contract. Bloom therefore requests that the Court dismiss Plaintiff's Second Cause of Action with prejudice.

**C. California Law Does Not Recognize a Cause of Action For Negligent Interference With Contract.**

As noted above, Plaintiff's Third Cause of Action against Bloom for negligent interference with contract fails as a matter of law because such a claim does not exist in California. *See Davis v. Nadrich*, 174 Cal. App. 4th 1, 9 (2009) ("In California there is no cause of action for negligent interference with contractual relations.") (citing *Fifield Manor v. Finston*, 54 Cal.2d 632 (1960)). This claim is invalid and should be dismissed without leave to amend.

**D. The Manager's Privilege Shields Bloom From Liability.**

Alternatively, any alleged conduct of Bloom is protected by the manager's privilege under California law, which explicitly prohibits employees from suing their former managers and supervisors in tort for actions occurring in the discharge of their employment duties. *See Sheppard v. Freeman*, 67 Cal. App. 4th 339, 347, 349 (1998) (an employee or former employee cannot sue

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. C 11-00486 EDL    6.    DEFENDANT MARK BLOOM'S MEM. OF POINTS & AUTH. IN SUPPORT OF MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)]

1  other employees for torts based on their conduct, including acts or words, related to personnel
2  actions). The *Sheppard* court recognized that the "effective management and operation of an
3  enterprise to a significant extent depends upon the free exchange of information, concerns, and ideas
4  of all employees" and that "[t]his can hardly occur when the individual employees face the prospect
5  of being sued." *Id.* at 346. Emphasizing this public policy, the court further held that "[t]he interest
6  in allowing all employees the freedom to act and speak in relation to personnel actions without the
7  threat of debilitating litigation outweighs the risk that a few employees will act maliciously and go
8  undetected by their employers." *Id.* at 347.

> If that privilege protects nothing else, it protects a manager's right to manage personnel (including firing and hiring) without fear of independent liability, absent concrete and specific allegations that such actions were *entirely* for the benefit of the individual. . . . The manager's privilege thus protects [an individual manager] from liability for all causes of action pled herein.

*Kacludis v. GTE Sprint Communication*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) (emphasis in original). *See also McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987) (under California law, where conduct is alleged to have been in the course of employment, manager's privilege precludes individual liability, even if conduct was also motivated by bias or ill will); *Imperial Ice Co. v. Rossier*, 18 Cal. 2d 33, 36 (1941) (existence of malice or ill will by the manager or agent toward the plaintiff is irrelevant and will not destroy the manager's privilege); *Wanland v. Los Gatos Lodge, Inc.*, 230 Cal. App. 3d 1507, 1522 (1991) ("manager need not be acting solely in his or her employer's interest in order to claim the privilege; all that is required is proof that the employer's interest was one of the factors motivating his or her conduct or advice").

Here, Plaintiff unequivocally asserts that all of the conduct undertaken by Bloom as described in the complaint were in the course and scope of Bloom's agency and employment, and "in doing the acts herein alleged was acting with the consent, permission, and authorization of [Office Depot]." Complaint, ¶ 2. Plaintiff therefore cannot deny that the manager's privilege applies to protect Bloom from liability for any conduct outlined in the complaint. Accordingly, Plaintiff's Second and Third Causes of Action for intentional and negligent interference with contract should be dismissed with prejudice.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

CASE NO. C 11-00486 EDL          7.          DEFENDANT MARK BLOOM'S MEM. OF POINTS & AUTH. IN SUPPORT OF MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)]

## IV. CONCLUSION

Plaintiff's allegations against his supervisor, Mark Bloom, are nothing more than a transparent attempt to defeat diversity jurisdiction and preclude removal of this case to federal court. However, as demonstrated above, none of Plaintiff's claims against Bloom has any merit. Nor will amending the complaint cure the legal defects. Bloom therefore respectfully requests that the Court dismiss the Second and Third Causes of Action with prejudice.

Dated: February 2, 2011

                                             /S/
MICHAEL E. BREWER
JILL A. FUKUNAGA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
OFFICE DEPOT, INC. and MARK BLOOM

Firmwide:99934960.1 063095.1020

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. C 11-00486 EDL     8.     DEFENDANT MARK BLOOM'S MEM. OF POINTS & AUTH. IN SUPPORT OF MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)]